UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEI FANG,<br>　　　　　Plaintiff,<br>　　v.<br>WELLS FARGO & COMPANY,<br>　　　　　Defendant. | Case No. 25-cv-06355-SK<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO REMAND**<br><br>Regarding Docket Nos. 7, 12 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Wells Fargo & Company ("Defendant") and the motion to remand filed by Plaintiff Lei Fang ("Plaintiff"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and oral argument, the Court hereby GRANTS Plaintiff's motion to remand and DENIES without prejudice Defendant's motion to dismiss motion for the reasons set forth below.

**BACKGROUND**

On June 25, 2025, Plaintiff filed an action in small claims court in the Superior Court for the County of Contra Costa against Defendant. Plaintiff alleges that Defendant, through its Retirement Service Center, misrepresented health insurance premiums and eligibility during a qualified life event. Plaintiff further alleges that he received premium quotes in March of 2025 and resigned from his job based on the incorrect information about the premiums that Defendant provided. (Dkt. No. 1-1 (Complaint attached to Notice of Removal).) Plaintiff contends that, as a result, he will incur a long-term loss of more than $136,800 over the next twelve years but is only seeking to recover $12,500 in damages. (*Id*.) In an attachment to his Complaint, Plaintiff explains that he was told the health care premiums would be between $222.17 and $389.61 a month but that, after he resigned, he discovered that the health care premiums would actually cost between $1,212.22 and $1,322.16. (*Id*.)

Defendant removed this action on July 29, 2025, on the grounds that Plaintiff's lawsuit arises out of the Defendant's Retiree Plan ("Plan"), a plan sponsored by his retired spouse's former employer, Defendant, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Dkt. No. 1 (Notice of Removal).)

Defendant then filed a motion to dismiss on the grounds that "Plaintiff lacks standing to sue Wells Fargo as he is neither a participant nor a beneficiary." (Dkt. No. 7 (Mot. to Dismiss) at p. 1; *see also* Dkt. No. 7 at p. 2 ("Plaintiff's claim must be dismissed because Plaintiff does not have standing to sue under § 502(a)(1)(B) of ERISA because he is neither a participant nor a beneficiary").)

Plaintiff, in turn, moves to remand this action back to state court on the grounds that his claim is not completely preempted by ERISA and, thus, was wrongfully removed. (Dkt. No. 12.)

**ANALYSIS**

**A.     Applicable Legal Standards.**

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and

"summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117.  It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed.  *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule recognizes and empowers the plaintiff as the master of his or her claim.  *Id*.  "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*  Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).  While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," however, which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).  Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344.

**B.      Plaintiff's Motion to Remand.**

Defendant removed this case on the grounds that Plaintiff's state-law claims are preempted by ERISA and now moves to dismiss Plaintiff's claims on the same basis – that they are preempted by ERISA.  Plaintiff moves to remand on the grounds that his claims are not completely preempted by ERISA and that, as a result, this Court lacks jurisdiction to hear this case.

Complete preemption under 29 U.S.C. § 1132(a), ERISA Section 502(a), and conflict preemption under 29 U.S.C. § 1144(a), ERISA Section 514(a) are two different concepts. *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998). Complete preemption "under §502(a) is really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal quotation marks and citations omitted). However, conflict preemption under Section 514(a) is merely a defense and does not provide a jurisdictional basis to remove claims. *Toumajian*, 135 F.3d at 655. Thus, even if a defendant has a defense of "conflict preemption" under Section 514(a), the district court would still lack jurisdiction to rule on the preemption issue. *Id.*

In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), the Supreme Court developed a two-prong test to determine whether a suit falls within the scope of ERISA Section 502(a). A cause of action is completely preempted by ERISA § 502(a) if: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and, (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* This two-prong test "is in the conjunctive." *Marin Gen. Hosp.*, 581 F.3d at 94. Thus, both prongs of this test must be satisfied. *Id.*

At issue here is the first prong of the *Davila* test – whether Plaintiff is an individual who, at some point, could have brought his claim under ERISA § 502(a)(1)(B). To satisfy this prong, a plaintiff must authorized by ERISA to bring a claim under Section 502(a). In other words, the plaintiff must have standing to bring a claim under Section 502(a). *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1117 (C.D. Cal. 2015) (citing *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999)); *see also Yaralian v. Fastovsky*, 2016 WL 552675, at *3 (C.D. Cal. Feb. 10, 2016) (explaining that this *Davila* prong requires that: (1) the claims fail within ERISA's scope and (2) "the plaintiff must have standing to sue under ERISA") (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009)).

Section 502(a) (complete preemption) "limits the causes of action that are available under

4

the statute, as well as by whom and against whom they may be brought." *Toumajian*, 135 F.3d at 656. Only participants, beneficiaries, and plan fiduciaries are authorized to bring claims under this statute. *Id*. Under ERISA, participants include "employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (cleaned up). Thus, a former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits is not a "participant" with standing for the purposes of ERISA preemption. *Id.* at 118. A beneficiary is defined under ERISA as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 874 (9th Cir. 2017).

Here, Defendant argues, and Plaintiff does not dispute, that he is not a participant or a beneficiary under an ERISA plan. Defendant repeatedly argued in its motion to dismiss that "Plaintiff lacks standing to sue under ERISA as he is neither a participant nor a beneficiary to the Plan". (Dkt. No. 7 at p. 2; *see also* Dkt. No. 7 at p. 1 ("Plaintiff lacks standing to sue Wells Fargo as he is neither a participant nor a beneficiary and, therefore, the court lacks subject matter jurisdiction over the matter"), p. 3 ("Plaintiff does not have standing to sue under § 502(a)(1)(B) of ERISA because he is neither a participant nor a beneficiary"). As Defendant explains, Plaintiff's connection to Defendant is through Plaintiff's spouse, who is a retired employee of Defendant. Additionally, Plaintiff's spouse is not a participant. (Dkt. No. 7 at p. 4.) Plaintiff does not dispute that he lacks standing to sue under ERISA § 502(a) because he is not a participant or a beneficiary. (Dkt. No. 21 (Reply on Mot. to Remand) at p. 1 (arguing that Defendant's "own filings concede that Plaintiff lacks standing under ERISA § 502(a) because he is not a plan participant or beneficiary.").)

In an effort to demonstrate that Plaintiff's claim could have been both removed and then dismissed based on ERISA preemption, Defendant argues that Plaintiff's claim is preempted by ERISA because it *relates* to an employee welfare benefit plan. (Dkt. No. 7 at p. 5.) However, this

5

is an argument for conflict preemption, not complete preemption. Notably, at the hearing, in response to a question regarding how Plaintiff could have brought his claim under ERISA § 502(a) if he is not a participant or a beneficiary, Defendant cited to a discussion of conflict preemption. *See Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602-605 (9th Cir. 2024).

Because Defendant fails to demonstrate that the first prong of the *Davila* test has been satisfied – that Plaintiff could have brought a claim under ERISA § 502(a), Defendant has not met its burden to show that Plaintiff's claim is completely preempted by ERISA. The Court need not address the second prong of the *Davila* test because both prongs of this test must be satisfied for complete preemption. *Marin Gen. Hosp.*, 581 F.3d at 94. Accordingly, the Court lacks jurisdiction over this suit, and the Court, thus, GRANTS Plaintiff's motion to remand.

Because the Court does not have jurisdiction, the Court will not address Defendant's motion to dismiss. The Court DENIES Defendant's motion to dismiss but does so without prejudice to Defendant raising its arguments based on ERISA conflict preemption in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS this action to the Contra Costa Superior Court. The Court DENIES Defendant's motion to dismiss without prejudice to Defendant asserting its arguments regarding conflict preemption under ERISA in state court. The Clerk is directed to transfer the file.

**IT IS SO ORDERED**.

Dated: September 24, 2025

SALLIE KIM
United States Magistrate Judge